Thatcher v. Heacock et al.

### THATCHER v. HEACOCK & BENEDICT.

Where a writ is directed to an indifferent person to serve, the law requires that the name and reasons should be inserted by the authority signing — and where the direction is to the sheriff, etc. or an indifferent person, in the disjunctive, it will abate.

ONE of the defendants dwelt in New Haven county, the other in Litchfield county. The writ was directed by the attorney who drew it and in his handwriting, To the sheriff of the county of New Haven, his deputy, etc. or to William Leavensworth to serve, etc.

Plea in abatement — 1st. It appears said writ was served by said Leavensworth, and he hath not sworn to the service. 2d. That the name and direction to said Leavensworth were neither of them inserted by the authority who signed said writ; but were inserted without his knowledge, by the attorney who drew said writ. 3d. Said writ is directed to the sheriff, his deputy, etc. or to William Leavensworth in the disjunctive. 4th. Said Leavensworth is not called in the direction of said writ an indifferent person, nor does it appear that he is.

Reply — That the authority signing said writ saw and recognized the direction to said William Leavensworth.

Judgment — That the plea in abatement is sufficient. The statute is, that all writs shall be directed to the sheriff, his deputy or some constable, if to be had, without great charge and inconvenience. And in every case wherein the authority signing a writ shall find it necessary to direct the same to an indifferent person, such authority shall insert the name of such indifferent person, in the direction of the writ, and the reason of such direction; and if any writ be otherwise directed it shall abate.

The law is positive that the name of the indifferent person and the reason, shall be inserted in the direction of the writ by the authority who signs it, when he finds a proper officer

cannot be had, to do the service without great charge, etc. and of this the law has made him the judge; and his certificate, inserted in the direction of the writ, in his own handwriting is conclusive evidence of the fact.    Kirby's Reports, 6, Lawrence v. Kingman.

2d. The direction is to the sheriff, etc. or to William Leavensworth, in the disjunctive; which has left to the discretion of the plaintiff what the law has invested the authority signing the writ only with, the power of deciding.    Had the direction been to the sheriff and to William Leavensworth it would have been well — for at the time of signing it might be, that an officer was not to be had, but before serving one might be had, in such case the writ might be served by the officer.

As to the first exception, the law does not require that an indifferent person should make oath to the service; but if it did, it might be done after it is returned by leave of the court.

As to the fourth exception, the direction is to William Leavensworth by name, which shows him not to be an officer, but an indifferent person, in the sense of the law: If he is otherwise disqualified, by being connected with either of the parties, it was incumbent on the defendant to have pointed it out in his plea.